

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL .

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Mr. Ford:

Opinion No. O-7528

Re: Proper way to measure the dis-
tance between First Christian
Church and a proposed liquor
store in the city of Wichita
Falls.

We have given careful consideration to your request as
contained in the following letter:

"The question arises as to the proper method
of measuring the distance from the front west door
of the Educational Building of the First Christian
Church in Wichita Falls, Texas, to a front door in
the Brown Building at 909 9th Street in the City of
Wichita Falls, Texas, where application for a per-
mit to operate a liquor store has been made.

"Section 25(a), Article I, Texas Liquor Control
Act, reads in part as follows:

"'...the measurements to be along the property
lines of the street fronts and from front door to
front door and in direct line across intersections
where they occur.' (underscoring ours)

"A plat of the relative locations of these two
buildings and the manner in which the City Clerk
contends measurements should be made is enclosed
herein for your consideration.

"The City Clerk contends that the measurements
should be made as follows: Starting at the west
front door of the Education Building, (Door 'B', as .
shown on the plat) measure 34 feet North to the cor-
ner of the Educational Building; thence East 44.2
feet to an alley; thence North 159.1 feet to 9th

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Bert Ford - Page 2

Street; thence across alley 48.7 feet to the front
door of the proposed liquor store as shown on the
plat (door 'A' at 909 9th Street), making a distance
of 286 feet.

"The applicants, namely L. L. Blackwell and K. E.
Bailey, who seek the liquor permit, contend that the
measurements should be made as follows:  Starting at
the west front door of the Educational Building (door
'B', as shown on the plat), measure in a straight line
west to the line of Travis Street; thence North to
9th Street; thence East along the south line of 9th
Street to the front door of the proposed liquor store
(door 'A' as shown by the plat) at 909 9th Street.
This distance would be a great deal more than 300
feet.

"The Board desires your opinion on the proper
measurements of the distance from the west front door
of the Education Building to the front door of the pro-
posed liquor store.  In other words, the Board wants
to know which of the proposed routes is the correct
manner of measuring the distance between the two front
doors."

From your question we presume the City Council of Wichita
Falls has passed an ordinance regulating the location where intoxi-
cating liquors may be sold under the provisions of Article 666-25a of
the Penal Code.  This Article authorizes the city to "prohibit the
sale of alcoholic beverages by any dealer, where the place of business
of any such dealer is within 300 feet of any church, public school or
public hospital, the measurements to be along the property lines of
the street fronts and from front door to front door and in direct
lines across intersections where they occur."

The plat which accompanies your request reveals that the
Educational Building of the First Christian Church is located on the
alley running from 9th Street to 10th Street; that the proposed liquor
store is on 9th Street; that the distance from the proposed liquor
store to the side of the alley on which the Educational Church build-
ing is located is 48.7 feet; that from 9th Street to the corner of
the Educational Building on the alley is 159.1 feet; that from the
said corner of the Educational Building it is 44.2 feet to the N. W.
corner of said building; thence 34 feet south to the front door of the
Educational Building marked "B" on the plat.  This makes a total dis-
tance of 286 feet from the proposed liquor store marked "A" to the

Hon. Bert Ford - Page 3


front door of the Educational Building marked "B".

As revealed by the above-quoted statute, the Legislature has provided that the sale of alcoholic beverages may be prohibited if the place of business of any such dealer is within 300 feet of a church. It then gives the yardstick for measuring said distance.

Admittedly, the proposed liquor store is within 207.8 feet of the church in question, where said church fronts or faces on the alley, making said measurements along the property line of 9th Street, and directly across the alley, and then following the property line along the alley down to said church. The statute then provides that the measurements must be from the property line of the street front to the front door of the church and the front door of the proposed liquor store. We are of the opinion that the church faces upon or fronts upon the alley, and if this construction is true, then under the law the measurement would be from the corner of the church building on the alley to the door or entrance into the Educational Building of said church.

In the case of Waters vs. Collins, 70 Atl. 984, a New Jersey case, the Court was required to pass upon the question of what was the front line of a corner lot which faced 50 feet on Atlantic (the main) street and ran back 113 feet on Montpelier to an alley. The Court used the following language:

"Now a lot fronts on a street when it lies face to face with, or opposite to, a street. The front property line of any street is a boundary which delimits private property lying along that street from the street itself. Both at Atlantic avenue and Montpelier avenue this condition of affairs exists. There is therefore on both streets a front property line of defendant's lot. 'The front of the lot,' remarked Judge Miller in his opinion delivered in the case of City of Des Moines v. Dorr, 31 Iowa, 89, 'is very well known to be that part of the same which faces a street or streets. It may front on one street only, or it may front on two. What is the front of a lot, is determinable by its facing upon a public street or streets.' In this case the lot faces upon two public streets, and it was held in the last-mentioned case that a corner lot fronted on both of the streets which formed the angle."

The plat attached to the opinion request shows that the nearest and most direct way from the door entering the Educational Building marked "B" is to go north 34 feet to the N.W. corner of said building; thence

Hon. Bert Ford - Page 4

east 44.2 feet to the alley on which said building fronts or faces.

The case of Stubbs v. Texas Liquor Control Board, 166 S.W. (2) 178 (error ref.) the court discussed at length the way the measurement should be made in determining the distance from the church door to the door of the liquor store.

The court reaffirmed the doctrine that has been announced a number of times that any door used for entrance to the church is within the contemplation of the law a front door. In said case the appellant Stubbs took the position that the measurement must be along the street lines to the street intersection, then across the street intersection down opposite the main entrance to the church, and thence in a direct line up to said door. On the other hand, the Texas Liquor Control Board took the position that there were three or four other ways, each less than 300 feet, by which to measure the distance to two other doors, one entering the Sunday School room and one entering the pastor's study, which was in the church. It took the position that the most direct way one could go from the liquor store to the nearest of said doors could be used. The Appellate Court held that each and all of the methods suggested by the Texas Liquor Control Board were correct, and the court then used the following language:

"(2) Article 666-2 of the Liquor Control Act provides: 'This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose'; and the general rule of measurement relating to territory within which a saloon may operate is stated in a note in 96 A.L.R. p. 778, as follows: 'The proposition appears to be established as a rule of law that, except as may be otherwise specifically provided, the distance contemplated by a statute or regulation prohibiting the granting of a license for the sale of intoxicating liquors, or traffic therein, within a certain distance of a named institution or place (e. g., church * * *), must be measured in a straight line, rather than in some other manner, such as by the usually traveled route or the street lines.'

"(3) Obviously, it was the intention of the Legislature to prohibit a place for the sale of liquor within 300 feet of a church, determined by any permissible

Hon. Bert Ford - Page 5

measurement under the rule prescribed for that purpose.
The meaning generally given by courts to the phrase
'from front door to front door' is that, any door lead-
ing into the church or saloon is a front door; in other
words, it is held that a church or saloon may have
several front doors and may face upon two or more streets;
and we are of opinion that is the sense in which the pro-
visions of the Liquor Control Act should be construed.
In 15 R.C.L., pp. 372-373, the doctrine is stated that
'* * * In the case of a corner church, either of two
doors leading from the respective intersecting streets,
into a tower or vestibule from which one door leads to
the auditorium, must be regarded as the front entrance
within the meaning of a statute prohibiting saloons
within a given distance from the front entrance of a
church, although one door may be used more than the other,
and may be on the street on which the church lot techni-
cally faces. * * * 137. In applying the prohibition
against sales near churches, great liberality is exer-
cised, and the rule of construction usually adopted is
said to favor the religious institutions and not the
traffickers in liquors, to the end that the protection
be extended to all the multifarious denominations and
societies, irrespective of their particular tenets or
creed, and no matter with what ceremony or lack of it
their faith may be evinced. Any structure used princi-
pally for religious worship and Bible study is included
although some of its rooms may be used by societies inci-
dental to the church, * * *.'"

In the case of Hallum v. Texas Liquor Control Board, 166 S.W.
175, the court held that the proper way to measure the distance when
crossing the intersection of two streets was to go diagonally across
rather than follow the direct route from one street to another, and
then directly across from that street to the opposite street. In other
words, the court held that regardless of the traffic laws, the method
of measuring was to take the shortest route possible from the corner of
one street going to the corner diagonally across said street.

The statute in question does not call for the church door to
be 300 feet from the door of the saloon along property lines, but in
its measurement says that in going from the liquor store to the church
building, the property lines of the street fronts must be followed;
when the church building, or the liquor store building is reached, then

Hon. Bert Ford - Page 6

the law contemplates that from the nearest point on the street front where the buildings are located, the measurement shall be from there in the most direct line to the door entering the church. In the case at bar it appears that the door marked "B" is the main entrance into the Sunday School or Educational Building, and as before stated, measuring from Door "B" to the nearest point where the alley fronts on the church building and then going with the property lines to a point directly in front of the door to the proposed liquor store and then to the door of said store, the distance would be 236 feet which, of course, would place same within the prohibited zone.

It is therefore our opinion that the applicant is not entitled to a license for the sale of intoxicating alcoholic drinks at the location requested.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Geo W Barcus_

Geo. W. Barcus
Assistant

APPROVED DEC 11, 1946

ATTORNEY GENERAL OF TEXAS

GWB:djm